### STATE v. GOTTFRIED.

Common Pleas Court, Seneca County.

No. 3484.   Decided June 7, 1952.

Webb D. Tomb, Tiffin, for the state.
Frick & Turner, Tiffin, for defendant.

## OPINION

By McCRYSTAL, J.

The defendant was arrested and brought before the Justice of the Peace of Clinton Township, for a violation of the duly adopted orders and regulations of the Seneca County District Board of Health.   He was subsequently bound over to the Grand Jury and indicted at the January 1952 Term.

The cause came on for trial on the 28th day of May, 1952, at which time defendant made an oral motion to dismiss for want of jurisdiction over the subject matter.   Counsel or the Court were unable to find any reported case which passed on this question.

In deciding this motion we must look to §§4414, 4416, 4417 and 4418 GC, for the right of the Board to bring the action and the procedure and penalties provided by the Legislature for a violation.   After a careful study of these sections one must make the observation that the trial procedure and penalties are novel and unique in criminal procedure in this State. Since the Legislature saw fit for reasons best known to itself, to provide for this procedure, the question arises, how can a Common Pleas Court carry it into execution?

Common Pleas Courts have jurisdiction in all misdemeanors except whenever exclusive jurisdiction is vested in the Justice of the Peace or Magistrate.

The Court does not propose to go into any extended discussion of this question. Suffice to say that after a study of the sections above noted, two constructions are possible.

1. That it was the intent of the Legislature in enacting §4416 GC to limit the jurisdiction of these cases to Justices of the Peace, Mayors or Police Judges, or

2. The Legislature intended the Common Pleas Court to have jurisdiction over these cases, but set up a procedure under §§4417 and 4418, which this Court is without authority to execute.

Taking either of these two alternative constructions, the Court is unable to find any ground upon which it could entertain this action.

It is therefore, the opinion of the Court that the defendant's motion is well taken and that the indictment be dismissed and that the bond of the defendant be cancelled and held for naught.